[No. 14683.  Department One.  June 22, 1918.]

CHARLES AHLMAN, *Respondent,* v. W. J. WILSON *et al.,*
*Appellants.*[1]

EVIDENCE—PAROL EVIDENCE TO VARY WRITING—AMBIGUITY.  Where
a contract for the sale of land fixed a time limit for the grantor to
remove certain timber, without describing the timber or fixing the
amount, it is ambiguous, and parol evidence is admissible as to the
amount of timber reserved in the sale and subject to removal.

TRIAL—ISSUES AND PROOF—INSTRUCTIONS.  In an action for dam-
ages for the value of timber taken, and for damages to the land itself
by the removal of the timber, in which much evidence on those issues
was taken, they are properly submitted to the jury.

SAME.  In such an action, it is not erroneous to submit an issue
as to damages from "careless and negligent" logging operations,
although the complaint did not use those words, when the complaint
was clearly to that effect.

APPEAL—REVIEW—WAIVER OF ERROR.  Error cannot be predicated
upon the submission of an issue because of want of sufficient evi-
dence thereon, where appellant failed to move to withdraw such issue
and requested an instruction thereon.

APPEAL—REVIEW—VERDICT — EVIDENCE — SUFFICIENCY.  A meager
verdict for damages upon five causes of action, will not be held un-
supported by the evidence, where there was evidence of specific
wrongs entitling respondent to at least nominal damages, some of
the issues were well sustained and warranted the verdict, and the
case went to the jury unchallenged and without request for specific
findings or pointing out any specific issue claimed to be unsustained.

Appeal from a judgment of the superior court for
King county, Mackintosh, J., entered September 11,
1917, upon the verdict of a jury rendered in favor of
the plaintiff, in an action for damages.  Affirmed.

*Ballinger, Battle, Hulbert & Shorts,* for appellants.
*John F. Dore,* for respondent.

FULLERTON, J.—In November, 1914, the appellants
and the respondent entered into a written contract in

[1]Reported in 174 Pac. 970.

which the appellants agreed to sell, and the respondent agreed to buy, a certain tract of land situated in Kitsap county, described by legal subdivisions and recited to contain forty-five acres, more or less. The purchase price agreed upon was $2,400, of which sum $1,000 was paid on the execution of the contract, and the balance agreed to be paid on or before three years after the date of the contract. Among other conditions, the contract contained the following:

"All timber that is claimed by party of first part must be removed on or before one year from this date."

Prior to the execution of the contract, the appellants had made a preliminary survey of the land and had set corners approximately marking its boundaries. It was agreed, however, that the appellants would have the county surveyor officially survey the tract and permanently mark the corners. This survey was made some time after the date of the contract, when it was found that the preliminary corners set by the appellants were not in their proper places, the true corners varying in certain places at considerable distances therefrom.

The respondent entered into possession of the property on the execution of the contract and made improvements thereon, erecting a house and other buildings, doing some slashing of undergrowth which was afterwards burned and the burned tract seeded to clover. The tract had upon it, at the time of the contract of sale, a scattering growth of fir timber, suitable in part for the manufacture of lumber and in part for piling, and had upon it also some 100,000 feet of standing cedar timber. After the work of the respondent mentioned had been performed and within the year named in the contract, the appellants entered upon the land and proceeded to remove the timber. After they

had removed a considerable part of the fir and were proceeding to remove the cedar, the respondent interfered and by threats of violence prevented any further removal. The appellants owned timber lands lying to the south and west of the lands contracted to the respondent, and while logging the contracted tract, logged these other lands, dragging the logs by means of cables and donkey engines diagonally across the contracted tract.

In March, 1916, the respondent began the present action against the appellants to recover in damages. In his complaint he set up five separate causes of action. In the first he set forth the written contract of sale and averred that, subsequent to its execution, he agreed with the appellants that they might remove some twelve large fir trees that stood on the northeast corner of the contracted tract, in consideration of which the appellants agreed not to injure or damage the lands in any manner or commit waste thereon and to remove from the land all appliances, skids, landings and other obstructions used by them in removing the twelve trees; further averring that the appellants entered on the land in virtue of such permit and constructed a skid road thereon, grading the way for the road by making cuts of various depths in the soil and laying skids thereon, and also built a log landing thereon with heavy logs, and after completing their logging refused and neglected to remove the skids and landing or restore the roadway to its former condition, thereby damaging the respondent in the sum of $200.

In his second cause of action he averred that the appellants, while removing the trees mentioned in his first cause of action, wrongfully and unlawfully removed in addition thereto some twenty-five large fir trees, to his damage in the sum of $150.

In his third cause of action he averred that the appellants entered upon the lands without permit or authority and proceeded, by means of cables, donkey engines and other appliances, to drag logs across it from adjoining lands belonging to the appellants, thereby cutting deep ditches and trenches on the land, changing the course of a stream thereon, and rendering the land unsuitable for agricultural purposes, for which alone it was adapted, destroying the crop of grass and clover growing thereon and otherwise injuring the lands, to the plaintiff's damage in the sum of $1,200.

In his fourth cause of action, he averred that the appellants wrongfully and unlawfully, and without his permission, entered on the land and removed therefrom a large amount of piling timber of the value of $50, to his damage in that sum.

In his fifth cause of action he averred that, in connection with the contract of sale, the appellants agreed to cause a survey of the land to be made and mark the boundaries of the tract; that he afterwards pretended to make such survey and did set pretended corners, relying on which the respondent built his house and other buildings with reference thereto, and slashed undergrowth on the land up to the lines marked by corners; that he afterwards learned that the corners did not mark the true boundary, but marked the north and south lines 172 feet north of the true location thereof; and that, by reason thereof, the respondent slashed onto adjoining lands for which he received no benefit, and was forced to change the location of his house and other buildings, and was obliged to surrender fertile level land for rocky and unlevel lands, all to his damage in the sum of $525. The prayer of the complaint was for the recovery of these several sums, which aggregated $2,125.

The appellants, for answer, admitted the execution of the contract, that they removed certain timber from the land contracted to be sold to the respondent, and did haul across the land certain timber from adjoining lands, and denied the other allegations set forth in the several causes of action. For an affirmative defense they averred that, in making the contract of sale, all of the merchantable timber on the land was reserved, as well as the right to remove the same and the right to haul the timber from the adjoining lands across it; further averring that, in removing such timber and in hauling timber across such land, they pursued the usual and customary methods, doing no more damage to the land than was usual and customary and necessary under the circumstances; further alleging that they were forcibly prevented from removing the cedar timber, to their damage in the sum of $700, for which sum they demanded judgment.

The affirmative matter in the answer was put in issue by a reply, after which a trial was entered upon before a jury. No motion for a nonsuit or challenge to the sufficiency of the evidence was interposed by the appellants at any stage of the trial, and the cause was submitted to the jury upon all of the issues. The jury returned a verdict for the respondent in the sum of $150, on which judgment was subsequently entered. It is from this judgment that the present appeal is prosecuted.

The assignments of error question the correctness of certain of the instructions given by the court to the jury, the action of the court in refusing to give certain requested instructions, and the sufficiency of the evidence to sustain the verdict and judgment.

Of the instructions given, the first complained of was to the effect that the clause in the contract before quoted relating to the removal of timber from the con-

tracted land was ambiguous, and that the jury was at liberty to find from the writing and from the oral evidence of the parties what the actual contract between them was in that regard; that is, whether the appellants had the right to remove only twelve of the fir trees from the land, as contended by the respondent, or had the right to remove all of the merchantable timber therefrom, as contended by the appellants. It is contended by the appellants that the writing itself is an authorization to remove all of the timber on the premises, and precludes any oral inquiry pertaining to the particular question. But we think it manifest that the court's interpretation of the contract is its correct interpretation. It is clear that the primary purpose of the clause relied upon was to fix a time limit within which certain timber on the land claimed by the appellants could be removed. While it evidences the fact that certain timber was claimed by the appellants and permits its removal, it does not describe such timber nor fix its amount, and is as consistent with the contention that a limited amount of timber was reserved in the sale and subject to removal as it is with the contention that all of the timber was reserved and so subject. Being thus ambiguous it was subject to oral explanation, and the court did not err, since the evidence touching upon its meaning was conflicting, in submitting to the jury which of the different contentions was supported by a preponderance of the evidence.

The second instruction complained of was to the effect that, if the jury found from a fair preponderance of the evidence that the agreement between the parties was that the appellants were permitted to remove only twelve trees, the respondent was entitled to recover the value of the trees removed in excess of twelve; and that, if it found that the appellants were permitted to remove only twelve trees and that they removed more

than that number, the respondent was entitled to recover for the injury to his land caused by the removal of the excess number, if they found from a fair preponderance of the evidence that the logging operations necessary to remove the excess number caused damage to the lands. To this it is objected that the questions submitted were not within the issues and not within the evidence introduced under the issues. But the record clearly shows that the respondent not only based a cause of action upon the value of the timber taken, but based a cause of action upon the injury done to the land itself by the removal of the timber; that is to say, he averred damages because the appellants, in removing the timber, cut the land into ditches and trenches of varying depths, thus rendering it unsuitable for agricultural and grazing purposes, the only purposes for which it was useful. Much of the evidence on both sides was directed to these questions, and we can perceive no error because the court submitted them to the jury.

The third instruction to which objection is made reads as follows:

"If you find that the defendants left upon the land the logging platforms and if you find by a fair preponderance of the evidence that that was a damage to his land, then the plaintiff would be entitled to recover the damage which he sustained by their presence. In that account the only damage claimed by him is the amount necessary to be expended in their removal."

This instruction, standing alone, might be objectionable because not sufficiently definite. But the context makes the meaning clear. The court was speaking with reference to the respondent's version of the agreement between the parties; the contention that it was agreed between them that all such obstructions should be removed when the logging operations the respond-

ent agreed might be performed were completed. Further on the jury were told that, if they found with the appellants' contention concerning the terms of the contract, then the appellants had the right to construct all of the usual and necessary appliances customary to be constructed in successful logging operations, and would not be liable to the respondent for such construction. The instructions on the particular question, when read as a whole, are not erroneous, nor could the jury have been misled thereby.

The court further instructed the jury to the effect that, if they found with the appellants' version of the contract, the appellants would not be justified in carrying on their logging operations in a reckless, careless or negligent manner, so as to unnecessarily destroy the land for further use, and if they found that the appellants did carry on their logging operations in such manner, the respondent would be entitled to recover such sum as would fairly compensate him for the injury caused thereby. It is objected to this that the question submitted was not within the issues, but we think it was clearly therein. It is true the respondent did not, in his complaint, use the words "careless and negligent" in describing the manner in which the appellants used the land in their logging operations, but the allegations, while using other words, were plainly to that effect. It was also to this question that much of the evidence was directed. The instruction states a correct principle of law, and we think it applicable to the issues.

It is next complained that the court erred in instructing the jury with relation to the issue concerning the pointing out of the boundaries of the land. The instruction is not objected to because of its form or substance, but it is urged that the court thereby submitted a vital issue to the jury upon which the evidence

was insufficient to support a finding.  But we cannot think the appellants are in a position to urge the objection, conceding it to be well founded in law.  They not only failed to move during the course of the trial for a withdrawal of the issue from the jury, but they submitted a requested instruction on the very issue, the substance of which the court gave to the jury.  This was a waiver of the objection, conceding it to be otherwise valid, and having once waived it, the appellants cannot now insist upon its review.

The requested instructions refused by the trial court require no special consideration.  In the main they present the appellants' view of the disputed clause of the written contract, which we have concluded was correctly construed by the trial judge.  In so far as they related to other questions, they were given in substance by the trial judge or were sufficiently covered by other instructions given.

The final contention is that the evidence was insufficient to sustain the verdict.  The evidence, as we have said, went to the jury unchallenged, and the question of its sufficiency was suggested in the record for the first time by a motion for a new trial.  The motion as filed was couched in the statutory language, was directed to the evidence generally, and pointed out no specific issue on which it was deemed insufficient.  The verdict also was general, there being no request for specific findings.  A perusal of the evidence discloses that, on certain of the issues, the jury could well have found the very meager verdict returned.  On all of them, save perhaps on the one issue where we find the question waived, there was evidence of a specific wrong entitling the respondent to nominal damages, even though it be conceded that the proofs failed to show the amount of actual damages flowing from the wrong. It is not a case where there was an entire failure of

proof, but a case presenting several specific issues, certain of which were well proven and others only nominally. The presumption is that the jury performed their duty and founded their verdict upon the issues that were well proven. With the record in this condition, and having in mind the rule that, in an action where the recovery sought is damages solely, a failure to prove substantial damages is a failure of proof, we do not feel called upon to reverse the judgment.

It follows that the judgment must be affirmed, and it is so ordered.

MAIN, C. J., MITCHELL, PARKER, and TOLMAN, JJ., concur.